UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'    JS-6

| Case No. | 2:16-cv-8616-CAS(AJWx) | Date | January 13, 2016 |
|---|---|---|---|
| Title | JUSTIN MCCLAIN v. PQ BEVERLY HILLS, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (IN CHAMBERS) - PLAINTIFF JUSTIN MCCLAIN'S MOTION TO REMAND (Dkt. 12, filed December 16, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of January 23, 2016 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On October 11, 2016, plaintiff Justin McClain filed this action in Los Angeles County Superior Court against defendants PQ Beverly Hills, Inc., PQ 6th and Olive, Inc., PQ Robertson, Inc., Sanjiv Edward Joshiakar, and Does 1–100, inclusive. Dkt. 1-1 ("Compl."). Plaintiff alleges seven claims: (1) failure to pay overtime compensation; (2) failure to reimburse work related expenses in violation of California Labor Code § 2802; (3) for the statutory penalty under California Labor Code § 202; (4) for the statutory penalty under California Labor Code § 226; (5) for additional wages under California Labor Code § 226.7; (6) conversion; and (7) unfair business practices, pursuant to California Business and Professions Code § 17200.

Plaintiff served PQ Beverly Hills ("PQBH") with the summons and complaint on October 19, 2016. On November 18, PQBH timely removed this action to this Court. Dkt. 1 ("Notice of Removal").[1]

---

[1] PQBH contends—and plaintiff does not dispute—that PQ 6th & Olive and PQ Robertson have not been properly served as defendants, and therefore need not join in the notice of removal. Notice of Removal at 2 n.1; see Destfino v. Reiswig, 630 F.3d 952,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O' JS-6 | |
|---|---|---|---|
| Case No. | 2:16-cv-8616-CAS(AJWx) | Date | January 13, 2016 |
| Title | JUSTIN MCCLAIN v. PQ BEVERLY HILLS, INC. ET AL. | | |

On December 16, 2016, plaintiff filed a motion to remand this action to Superior Court. Dkt. 12 ("Motion"). On December 30, 2016, PQBH filed an opposition to plaintiff's motion. Dkt. 15 ("Opp'n"). Plaintiff filed a reply on January 5, 2016. Dkt. 16.

## II. BACKGROUND

Plaintiff, an individual residing within the State of California, alleges that he was an employee of defendants beginning in or about August 2014 and through on or about July 2, 2016. Compl. ¶¶ 1, 6. Plaintiff contends that PQBH, PQ 6th & Olive, and PQ Robertson (collectively, "corporate defendants") are California corporations and that Joshiakar resides in California. Id. ¶ 2.

Plaintiff was initially employed by defendants as a server in a restaurant. Id. ¶ 13. In or about October 2014, plaintiff was promoted to service manager. Id. Plaintiff was subsequently promoted to assistant general manager in or about July 2015. Id. Plaintiff contends that his job duties were primarily manual or basic menial labor and did not include employment in an administrative, executive, or professional capacity. Id. As a result, plaintiff asserts that he is a non-exempt employee. Id.

Plaintiff alleges that he was required to work hours substantially in excess of eight hours per day, and forty hours per week, and that he was not permitted to take his meal and rest breaks. Id. ¶¶ 14, 16. Plaintiff was never paid his overtime wages and alleges that defendants made unlawful deductions from his wages. Id. ¶ 16. Plaintiff estimates that the total amount of overtime wages that he earned, but which were unpaid, amounts to $47,775. Id. ¶ 17. Because plaintiff was not paid all of the wages he was due, including overtime compensation, plaintiff seeks a statutory penalty, pursuant to California Labor Code § 203, in the amount of $4,800. Id. ¶ 20. Because plaintiff was not able to avail himself of meal or rest breaks each day of his employment, he seeks $21,000. Id. ¶ 26.

Plaintiff contends that defendants failed to reimburse plaintiff for work related expenses in amount greater than $10,000. Id. ¶ 17. Plaintiff alleges that defendants failed to keep precise records of plaintiff's hours of labor and failed to provide itemized

956–57 (9th Cir. 2011); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (defendants who are not served need not be joined in a petition for removal).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-8616-CAS(AJWx) | Date | January 13, 2016 |
| Title | JUSTIN MCCLAIN v. PQ BEVERLY HILLS, INC. ET AL. | | |

wage statements as required by California Labor Code § 226. Id. ¶ 23. As a result, plaintiff seeks a statutory penalty in the amount of $4,000. Id.

Plaintiff alleges that defendants unlawfully kept plaintiff's unpaid overtime wages and plaintiff's share of gratuities for their own personal use. Id. ¶ 31. Plaintiff believes this amount exceeds $5,000 for each and every month of his employment, and exceeds $90,000 in total. Id. Plaintiff alleges that defendants wrongfully kept his wages and gratuities with malice, oppression, and fraud. Id. ¶ 32.

Finally, plaintiff contends that defendants' failure to comply with the California Labor Code gave defendants an unfair advantage over their law abiding competitors, in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. Id. ¶ 25.

In his prayer for relief, plaintiff seeks $82,575 in damages, along with punitive damages for defendants' alleged conversion and costs and attorneys' fees. Id. at 14–15.

On November 17, 2016, PQBH filed an answer to plaintiff's complaint in Superior Court court. Dkt. 1-2. In its answer, PQBH asserted as an affirmative defense the existence of an arbitration agreement that provides the exclusive method for resolving disputes between PQBH and plaintiff. Id. ¶ 1. Upon receipt of the answer, plaintiff alleges that his counsel requested a copy of the arbitration agreement, which was not produced by PQBH's counsel until December 5, 2006. Motion at 3. This arbitration agreement appears to be what PQBH has identified as the Terms and Conditions Agreement ("TCA"). Opp'n at 3. According to PQBH, plaintiff was a party to the TCA along with TriNet HR Corporation, a professional employer organization that provided employment services to non-party PQ New York (PQBH's parent company). Id. at 2–3. The TCA provides that TriNet is a "co-employer[]" and "employer of record" of the signatory. Id. § 1. Plaintiff asserts that TriNet, a California corporation that served as plaintiff's "employing entity," is an indispensable party in this action. Motion at 4. As a result, on December 6, 2016—after PQBH had removed this matter to federal court—plaintiff filed an amended complaint in Superior Court, adding TriNet as a defendant. Dkt. 12-2.

### III. LEGAL STANDARDS

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. See, e.g., Kokkonen v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:16-cv-8616-CAS(AJWx) | Date | January 13, 2016 |
|---|---|---|---|
| Title | JUSTIN MCCLAIN v. PQ BEVERLY HILLS, INC. ET AL. | | |

Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).  Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court.  28 U.S.C. § 1441(a).  Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing defendant to demonstrate that subject matter jurisdiction exists.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  As a result, the party seeking removal bears the burden of establishing federal jurisdiction.  See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction").  See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, No. 5:10-cv-01893-RGK-DTB, 2011 WL 662324, *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction).

Jurisdiction founded on diversity requires that the parties be in complete diversity and that the amount in controversy exceed $75,000.  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1).  Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."

As stated, the amount in controversy must exceed $75,000 to confer diversity jurisdiction.  28 U.S.C. § 1332(a).  Where "plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000].  Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); see also Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997) (same).  The Court may look to the defendant's factual statements in its notice of removal when assessing the amount in controversy.  Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  However, conclusory allegations of an amount, unsupported by facts, are insufficient to meet the removing party's burden.  Gaus, 980 F.2d at 567.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** **JS-6** |
|---|---|---|---|
| Case No. | 2:16-cv-8616-CAS(AJWx) | Date | January 13, 2016 |
| Title | JUSTIN MCCLAIN v. PQ BEVERLY HILLS, INC. ET AL. | | |

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). If a court finds fraudulent joinder of a sham defendant, it may disregard the citizenship of the sham defendant for removal purposes. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant is fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . ." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009); Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so. If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law." (citations and quotation marks omitted)); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." (citing Dodson, 951 F.2d at 42)).

In accordance with this high standard, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42; see also Hunter, 582 F.3d at 1042 (9th Cir. 2009) (in deciding whether removal is proper, "the court resolves all ambiguity in favor of remand to state court"). Courts may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure before Trial § 2:2456 (The Rutter Group 2016) (citing W. Am. Corp. v. Vaughan–Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985). However, a court's inquiry into fraudulent joinder ought to be "summary" because "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Hunter, 582 F.3d at 1045 (quoting Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**    **JS-6**

| Case No. | 2:16-cv-8616-CAS(AJWx) | Date | January 13, 2016 |
|---|---|---|---|
| Title | JUSTIN MCCLAIN v. PQ BEVERLY HILLS, INC. ET AL. | | |

## IV. DISCUSSION

PQBH asserts that this Court has jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1). Notice of Removal at 3; Remand Opp'n at 6.

### A. Amount in Controversy

It is apparent from the face of the complaint, and the parties do not dispute, that the amount in controversy exceeds $75,000. Therefore, the Court concludes that the jurisdictional amount is satisfied.

### B. Complete Diversity

PQBH contends that there was complete diversity at the time of removal because: (a) TriNet's citizenship is not relevant because diversity is determined at the time of removal; (b) neither corporate defendant is a citizen of California; and (c) Joshiakar is a sham defendant. See generally Opp'n.

Plaintiff argues that PQBH engaged in bad faith by concealing from plaintiff that TriNet is an indispensable party to this action. Motion at 4; Reply 3–4. Plaintiff contends that he properly added TriNet as a defendant in his amended complaint in Superior Court. Id. at 6. As a result, plaintiff argues that there is not complete diversity because TriNet is a California corporation. Id. at 5. Plaintiff does not contest PQBH's assertion that neither corporate defendant is a citizen of California. Finally, plaintiff argues that PQBH has failed to meet its heavy burden of proving that Joshiakar is a sham defendant. Reply at 2–3.

It is well settled that "post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006); see also 28 U.S.C. § 1446(d) (the filing of a notice of removal in state court "shall effect the removal and the State court shall proceed no further unless and until the case is remanded"). As a result, TriNet is not a party to this action and the Court does not consider its citizenship for the purposes of its diversity analysis.

PQBH asserts, and plaintiff does not contest, that it is incorporated under the laws of Delaware and that its principal place of business is New York, where it maintains its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-8616-CAS(AJWx) | Date | January 13, 2016 |
| Title | JUSTIN MCCLAIN v. PQ BEVERLY HILLS, INC. ET AL. | | |

corporate headquarters. Opp'n at 7; Notice of Removal ¶ 12. Though PQ 6th & Olive and PQ Robertson need not join the notice of removal, PQBH asserts, and plaintiff does not dispute, that PQ 6th & Olive and PQ Robertson are incorporated under the laws of Delaware and maintain their principal places of business in New York. Opp'n at 7; Notice of Removal at 2 n.1. The Court therefore concludes that there is complete diversity between plaintiff and the corporate defendants.

PQBH argues that Joshiakar is a sham defendant because there are no specific factual allegations against Joshiakar. Opp'n at 9; Notice of Removal ¶ 19. More specifically, plaintiff does not allege: Joshiakar's working relationship, if any, with plaintiff; how Joshiakar directed or controlled plaintiff's work; or Johsiakar's involvement with plaintiff's wages. Opp'n at 10. PQBH also contends that Joshiakar cannot be held personally liable for the claims against him because (a) Joshiakar has never been employed by any of the corporate defendants, therefore he cannot be their agent, Notice of Removal ¶ 6; (b) and because Joshiakar cannot be held liable for acting within the scope his employment, Opp'n at 10.

PQBH bears the heavy burden of proving that no possibility exists that plaintiff can prevail on the merits against Joshiakar. The Court finds that PQBH has failed to satisfy this burden. First, the fact that plaintiff alleges his claims against "defendants" collectively, rather than specifying the actions of each particular defendant, does not—as a matter of law—preclude plaintiff from prevailing against Joshiakar. "[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). "Even though there might be no successful claim against [the defendant], that doesn't mean that no viable cause of action has been stated and that there is no factual basis for the claims against [the defendant]." Warner v. Select Portfolio Servicing, No. 8:16-cv-0753-AGR-AO, 2016 WL 4492828, at *4 (C.D. Cal. June 24, 2016) (quotation marks omitted). "[A] bad or unsuccessful strategy isn't necessarily a sham." Id. Second, California Labor Code § 558.1 expressly states than an individual may be held liable "as the employer" if that person acts "on behalf of *an* employer" who violates, inter alia, Labor Code §§ 226, 226.7 and 2802, under which plaintiff sues here. Cal. Lab. Code § 558.1(a) (emphasis added). Even if Joshiakar is not an agent of one of the named corporate defendants, that does not preclude the possibility that Joshiakar is an agent of an employer not named here (e.g., TriNet). Furthermore, Joshiakar need not be an agent of an employer (or of the corporate defendants specifically) to be liable for conversion, or for unfair competition on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'     JS-6

| Case No. | 2:16-cv-8616-CAS(AJWx) | Date | January 13, 2016 |
|---|---|---|---|
| Title | JUSTIN MCCLAIN v. PQ BEVERLY HILLS, INC. ET AL. | | |

the basis of the alleged conversion. See Manser v. Sierra Foothills Pub. Util. Dist., No. 1:08-cv-1250-LJO-SMS, 2008 WL 5114619, at *8 (E.D. Cal. Dec. 4, 2008) ("An individual may be liable for his or her own conduct under the UCL.").

In light of the strong presumption against removal jurisdiction, Gaus, 980 F.2d at 566, and the general presumption against fraudulent joinder, Hunter, 582 F.3d at 1046, the Court cannot conclude that Joshiakar is a sham defendant. Because plaintiff and Joshiakar are citizens of California, the Court may not exercise diversity jurisdiction in this case.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion to remand this action to Superior Court.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |